

# The Attorney General of Texas

**JIM MATTOX**
.ttorney General

December 27, 1984

~upreme Court Building
. O. Box 12548
~ustin, TX. 78711- 2548
512/475-2501
~elex 910/874-1367
 elecopier 512/475-0266

~14 Jackson, Suite 700
 allas, TX. 75202-4506
_14/742-8944

824 Alberta Ave., Suite 160
~I Paso, TX. 79905-2793
915/533-3484

~~~~ Texas, Suite 700
Houston, TX. 77002-3111
 13/223-5886

806 Broadway, Suite 312
.ubbock, TX. 79401-3479
.06/747-5238

~309 N. Tenth, Suite B
~cAllen, TX. 78501-1685
 512/682-4547

!00 Main Plaza, Suite 400
 San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Wilhelmina Delco
Chairman
Higher Education Committee
Texas House of Representatives
P. O. Box 2910
Austin, Texas    78769

Opinion No. JM-273

Re: Whether article 6813e, V.T.C.S., applies to a public junior college

Dear Representative Delco:

Article 6813e, V.T.C.S., prohibits a "state governmental body" from making deductions from state officers' or employees' compensation unless the deduction is authorized by state law. This office has already concluded that "public community junior colleges," as defined by section 61.003, Texas Education Code, are subject to this article. Attorney General Opinion MW-566 (1982). You ask whether it also applies to a specific public junior college, Del Mar Junior College. We conclude that it does.

Article 6813c, V.T.C.S., provides the following:

Section 1. In this Act, 'state governmental body' means:

(1) a board, commission, department, office, or other agency that is in the executive branch of state government and that was created by the constitution or a statute of the state, including an institution of higher education as defined by Section 61.003, Texas Education Code, as amended;

(2) the legislature or a legislative agency; or

(3) the Supreme Court, the Court of Criminal Appeals, a court of civil appeals, or the State Bar of Texas or another state judicial agency.

Sec. 2. A state governmental body may not make a deduction from the compensation paid to an

> officer or employee whose compensation is paid in full or in part from state funds unless the deduction is authorized by law. (Emphasis added).

In Attorney General Opinion MW-566 (1982), this office looked first to the definition of "state governmental body" and noted that section 61.003 of the Texas Education Code defines "institution of higher education" to include "any public junior college." The opinion then stated that "[a]rticle 6813e therefore applies to officers and employees of public community junior colleges whose compensation is paid in full or part from state funds." You suggest that Del Mar Junior College is an exception for two reasons: first, you claim that Del Mar Junior College is not in the executive branch and therefore does not fall within the subsection (1) definition of "governmental body"; second, you claim that Del Mar Junior College was not "created by the constitution or a statute of the state" and therefore does not fall within subsection (1). We disagree.

First, this office has repeatedly held that state institutions of higher education are part of the executive branch for purposes of article II, section 1 of the Texas Constitution, the separation of powers provision. We know of no reason why we should not so hold in this instance. You have not suggested any reason why state institutions of higher education as a class or Del Mar Junior College in particular should not be so regarded for purposes of section 61.003, Texas Education Code. See, e.g., Letters Advisory Nos. 4, 20, 23, 30, and 55 (1973). Second, you apparently construe the phrase "that was created by the constitution or a statute of the state" to require that the institution be expressly created or established by a specific constitutional provision or a specific special law. See, e.g., article VII, section 10 of the Texas Constitution (directing the legislature to establish the University of Texas). You assert that Del Mar Junior College was founded in 1935 under the control of the Corpus Christi Independent School District. However, we construe the phrase "created by . . . a statute of the state" to mean created by or under the authority of a statute of the state. And Del Mar Junior College was created under the authority of a statute of the state which permitted independent school districts to create an independent school district junior college. See Acts 1929, 41st Leg., ch. 290, §1 at 648, amended Acts 1947, 50th Leg., ch. 303, §1 at 513 (codified as now-repealed V.T.C.S. art. 2815h, §§1, 1(a)). See also Attorney General Opinions M-851 (1971); O-4573 (1942).

Accordingly, we conclude that article 6813e, V.T.C.S., does apply to Del Mar Junior College.

## S U M M A R Y

Article 6813e, V.T.C.S., applies to Del Mar Junior College

Very truly yours,

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Jim Moellinger
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Colin Carl
Susan Garrison
Tony Guillory
Jim Moellinger
Jennifer Riggs